T.C. Memo. 1996-364

UNITED STATES TAX COURT

ROBERT D. AND MARIE A. SUCKLEY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14685-95.                    Filed August 8, 1996.

Robert D. Suckley, pro se.

<u>Katherine H. Ankeny</u>, for respondent.


MEMORANDUM OPINION

DINAN, <u>Special Trial Judge</u>:   This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

---

[1]   Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 1992 Federal income tax in the amount of $1,826.

After concessions by the parties,[2] the issue remaining for decision is whether petitioners are entitled to claim their granddaughters, Kathy and Tiffany, and their grandson, Dennis, as dependents. Petitioners lived in Phoenix, Arizona, when they filed their petition.

Carmen Acosta (Carmen) is the daughter of Maria A. Suckley and the stepdaughter of Robert D. Suckley. Carmen is the mother of five children: Donna, Kathy, Mark, Dennis, and Tiffany. During 1992, Carmen was a single parent. She lived in a two-bedroom apartment with her boyfriend and Donna, Kathy, Dennis,[3] and Tiffany.

Carmen was unemployed during 1992 and received welfare payments of $489 a month from Aid to Families with Dependent Children (AFDC). She also received $372 a month in food stamps. Carmen testified that her boyfriend, who was employed, contributed nothing to her household expenses.

---

[2] Respondent concedes that (1) petitioners are entitled to claim their grandson, Mark Acosta, as a dependent and (2) petitioners are entitled to an earned income credit for Mark. Petitioners concede that they are not entitled to claim their granddaughter, Donna Alicea, as a dependent.

[3] Dennis lived with petitioners for 4-1/2 months during the summer of 1992.

Robert D. Suckley (petitioner) testified that he supplied over one-half of the support for Kathy, Mark, Dennis, and Tiffany during 1992.

We begin by noting that, as a general rule, the Commissioner's determinations are presumed correct, and that the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to any deduction claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). This includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Section 151(c)(1) allows individuals an exemption for dependents as defined in section 152. Correspondingly, section 152(a)(1) includes a grandchild of the taxpayer as a dependent provided that the taxpayer supplied over one-half of the support for such grandchild.

Section 6001 and the regulations promulgated thereunder require taxpayers to maintain records sufficient to permit verification of income and expenses. As a general rule, if the evidence at trial demonstrates that the taxpayer has incurred an expense, but the taxpayer is unable to adequately substantiate the amount of the expense, the Court may estimate the amount of such expense and allow any related deduction. Cohan v.

Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). However, in order for the Court to estimate the amount of an expense, we must have some basis upon which an estimate may be made. Without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

Petitioner first submits that Carmen's total income for 1992 was $10,332 ($489 per mo. AFDC x 12 = $5,868; $372 per mo. food stamps x 12 = $4,464; $5,868 + $4,464 = $10,332).

Petitioner next informs us that petitioners' total household expenses for 1992 were $4,778.75, and respondent agrees with that figure. Petitioners seek to allocate a portion of the household expense to Kathy, Mark, Dennis, and Tiffany to arrive at the amount of support they provided for them in 1992. They may not allocate any portion of the household expense to Kathy and Tiffany because they lived with Carmen throughout 1992.

We have rounded off the monthly household expenses to $400. There were four people living in the house during the 5 months that Dennis lived with petitioners; i.e., petitioners, Mark, and Dennis. The total amount of household expenses allocable to Dennis would have been $500 ($400 per mo. divided by 4 people = $100 x 5 mos. = $500).

Petitioner then informed us that petitioners spent approximately $3,789.50 on four of their grandchildren for such items as clothes, school supplies, birthdays, Christmas presents, holidays, entertainment, etc. (miscellaneous expenses). This

would result in an expenditure of approximately $947 per child ($3,789.50 divided by 4 = $947).[4] None of these claimed expenses were substantiated.

Finally, petitioner estimated that petitioners spent approximately $3,000 for food in 1992. This would have averaged out to $250 per month ($3,000 divided by 12 = $250). Since four persons were living in petitioners' home during 5 months of 1992, the average monthly food expense per person for that 5-month period would have been $62.50 ($250 divided by 4 persons = $62.50). Therefore, $312.50 in food expenses would have been allocable to Dennis for the 5 months that he lived with petitioners ($62.50 x 5 mos. = $312.50). From the foregoing figures submitted by petitioner, it can be seen that, at best, petitioners supplied the following support to their grandchildren:

|  | Kathy | Mark | Dennis | Tiffany |
|---|---|---|---|---|
| Misc. expenses | $947 | $947.00 | $947.00 | $947 |
| Household |  | 1,431.00 | 500.00 |  |
| Food |  | 920.60 | 312.50 |  |
| Totals | 947 | 3,298.60 | 1,759.50 | 947 |

Carmen received a total of $10,332 in welfare payments in 1992. She testified that she paid no money to petitioners for Mark's support.

---

[4] As noted supra, petitioners have conceded that they may not claim Donna as a dependent.

Carmen and her other four children, therefore, each received $2,066.40 in welfare payments ($10,332 divided by 5 = $2,066.40).

Petitioners have shown that they supplied over one-half of Mark's support only, and respondent has conceded that petitioners may claim him as a dependent.

Petitioners may not claim any of their other grandchildren as dependents since they failed to establish that they supplied over one-half of their support during 1992.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.